No. 265.—GEORGALINE HASTINGS *v.* REBECCA BRANTLEY, Executrix, et als.

A judicial sale of cotton made during the late war, while Confederate notes was the only currency in circulation at the place where it was made, is protected by article 149 of the Constitution of 1868. Such a sale is not therefore void because the price bid and paid into the hands of the sheriff by the purchaser was Confederate Treasury notes.

APPEAL from the Tenth Judicial District Court, parish of DeSoto. *Levisee, J. Elam & Wemple* for plaintiff and appellant. *T. T. & A. D. Land* for defendant and appellee.

LUDELING, C. J. Harris Brantley died in April, 1868, leaving a last will and testament, by which he constituted his wife legatee of a portion of his property, and appointed her executrix of his succession.

The will was duly probated and the executrix confirmed, and duly qualified.

On the eleventh February, 1864, Rebecca Brantley, executrix, prayed for the sale of the movables of the succession, including seventy thousand pounds of cotton in the seed, *more or less,* and ten bales of ginned cotton, in order to pay debts. The order was granted directing the property to be sold for cash, at the appraisement, on the seventeenth March, 1864, and a commission or execution was issued to J. W. Elam, sheriff, to make the sale. After having complied with the formalities of the law, the sheriff adjudicated to Jules Tardos seventy thousand pounds of cotton in the seed, *more or less,* for seven thousand six hundred and fifty dollars, and ten bales of cotton in the lint for one thousand eight hundred dollars.

The procès verbal recites that "it was announced by me, sheriff, that the lot of cotton offered in the seed was estimated at seventy thousand pounds, more or less, but in the event the cotton should be burnt or destroyed, before it was weighed, the purchaser should be bound to pay for said seventy thousand pounds; and the cotton in the lint, ten bales, the purchaser to pay for ten bales, averaging four hundred and fifty pounds per bale."

The sale was made for Confederate money, the only currency then in circulation in that part of the country, and the price was paid to the executrix. The oral evidence and the procès verbal show that the cotton was sold in a lump, and the price was paid. The sale was perfect. C. C. 2459, 2478.

It was an executed judicial sale, which is protected by article 149 of the Constitution. See Lee v. Taylor, 21 An.; Allen v. Cutliff et al.; and Heirs of Brown v. Jacob, 23 An.

The claim of the plaintiff to the cotton or its proceeds, predicated upon the supposed nullity of the judicial sale, is unfounded.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.